**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEAN ANTHONY CRISHON,<br><br>               Petitioner,<br><br>     v.<br><br>RAYBON JOHNSON, Warden,<br><br>               Respondent. | Case No. CV 18-2271-PA (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

    The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. On January 16, 2021, after Petitioner failed to file timely objections, the Court accepted the R. & R. and denied the Petition, dismissing it with prejudice. The Court subsequently vacated that judgment when Petitioner's counsel established good cause for not timely filing objections and requested an extension of time to do so. On March 8, 2021, Petitioner filed objections to the R. & R.; Respondent has not filed a response.

    Petitioner largely reiterates the arguments raised in his Petition and Reply. For instance, he maintains (see Objs. at 2-5) that the state court of appeal erred in finding that he was

properly convicted of both robbing and attempting to rob Jerome Bilderrain (see Lodged Doc. 6 at 21-22). But he doesn't take issue with the Magistrate Judge's correct conclusion that his claim boils down to an assertion that the state court wrongly applied state law in determining that his crimes were not committed "pursuant to one intention, one general impulse, and one plan," and this Court is bound by the state court's holding. (See R. & R. at 26-27.) Further, for the reasons detailed in the R. & R. (see id. at 27-30), the evidence supported the state court's finding that two separate takings constituted distinct crimes, as they "were . . . committed pursuant to different criminal plans" and "occurred in different locations and at different times" (id. at 29).[1]

Petitioner also contends that the Magistrate Judge erred in finding that his instructional-error claim didn't warrant habeas relief. He argues that the jury should have been instructed on theft as a lesser included offense of his robbery of George Anderson because the jury could have found that Petitioner didn't use force when he stole Anderson's phone. (See Objs. at 6-9.) He claims that the Magistrate Judge improperly "focus[ed] only on

---

[1] Petitioner points out that in her closing argument, the prosecutor "did not address the attempted robbery charge or the taking of Bilderrain's jewelry." (Objs. at 4.) But there is no merit to his suggestion that Respondent's arguments here are inconsistent with the prosecution's trial theory because, as the Magistrate Judge noted (see R. & R. at 31-32), the charging instrument reflected the prosecution's theory that the attempted robbery of the jewelry occurred the day before the robbery of the cash, and the prosecutor discussed the attempted robbery of the jewelry in her opening statement. Nothing mandates that a prosecutor discuss all the evidence or all the charges in her closing argument.

2

the evidence in favor of judgment instead of considering what evidence the jury might have applied towards a finding of theft." (Id. at 8.) To the contrary, she concluded that given the evidence, "no reasonable juror would have found" that he had reached a place of safety by the time he used force and therefore committed only theft. (R. & R. at 41.) And Petitioner does not contest her finding that although the evidence might have been consistent with an inference that Petitioner used force in self-defense, "whether a justified use of force during a defendant's escape could nonetheless satisfy the force element of robbery is a state-law issue that . . . this Court may not reexamine." (Id. at 43.)

Having reviewed de novo those portions of the R. & R. to which Petitioner objects, the Court agrees with and accepts the findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: April 27, 2021

PERCY ANDERSON
U.S. DISTRICT JUDGE